No. 27,476.

J. L. WOLESLAGEL, *Appellee,* v. A. F. CARSON et al., *Appellants.*

SYLLABUS BY THE COURT.

1. CANCELLATION OF INSTRUMENTS—*Restoration of Status Quo—Tender in Open Court Before Trial.* The proceedings considered in an action to cancel assignments of oil and gas leases on the ground they were procured by fraud, and *held,* omission to plead offer to return a portion of the consideration received for the assignments was cured by tender in open court before trial commenced.

2. JUDGMENTS—*Opening and Defending Default Judgment—Transfer of Subject Matter—Parties.* Judgment canceling the assignments was rendered against defendants by default on publication service, and plaintiff assigned to third persons. Afterwards defendants were permitted to defend. On the face of the record, a judgment in favor of defendants would have cleared their title to their assignments. *Held,* the action properly proceeded in the name of plaintiff.

Appeal from Rice district court; RAY H. BEALS, judge. Opinion filed May 7, 1927. Affirmed.

*L. P. Brooks,* of Wichita, for the appellants.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to cancel assignments of oil and gas leases. Plaintiff recovered, and defendants appeal.

The ground for cancellation was that the assignments were procured by fraud. Defendants paid $700 in cash, less a commission of $200, and gave a note, afterwards renewed, for the assignments. Judgment was taken against defendants by default, on publication service. Afterwards defendants were permitted to defend, and upon a trial the court found for plaintiff. The petition pleaded the leases had declined in value more than $700 while defendants had them, and did not offer to restore the money. The petition did offer to restore the renewal note. A general demurrer to the petition was overruled, but there is nothing in the record to indicate on what specific defect defendants relied. Just before the trial commenced, plaintiff's counsel made the following tender:

"Now at the present time the plaintiff offers to do equity by returning to the defendants their $5,700 note, and paying into court the $700 that they put up on this transaction, and returning them to *status quo.*"

Defendants' counsel said the tender came too late, and refused it. At the conclusion of the trial plaintiff paid the money into court.

Defendants contend the judgment should be reversed because tender was not pleaded. Conceding the petition was demurrable, the omission was cured before trial by tender in open court. It is not asserted the tender would have been accepted if made sooner. No prejudice on account of preparation or lack of preparation for trial was suggested to the district court, and the judgment placed defendants in the position they occupied before they paid for the leases. The result is, the contention is without merit.

After plaintiff obtained judgment by default, and before defendants were given leave to defend, plaintiff sold the leases. The fact of sale was shown by plaintiff's evidence. It was not shown the vendees were purchasers in good faith in consequence of the judgment. So far as the record discloses, they would be bound by the judgment in favor of defendants, and it is sufficient for defendants that a judgment in their favor would clear the title to their assignments.

The costs were taxed to defendants, and were made a lien on the money which plaintiff paid into court. Defendants say that under any theory this part of the judgment is erroneous. The court knows of no sound theory under which it is erroneous.

The judgment of the district court is affirmed.